UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE GAVINO PEREZ, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>PLAKOS SCRAP PROCESSING, INC., and ESTATE OF ALEXANDER PLAGIANAKOS, individually, and ARISTOTLE PLAGIANAKOS, individually,<br><br>Defendants. | **COMPLAINT**<br><br>**Docket No.:**<br><br>Jury Trial Demanded |

JOSE GAVINO PEREZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as these terms are defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PLAKOS SCRAP PROCESSING, INC. ("Plakos"), and ESTATE OF ALEXANDER PLAGIANAKOS, individually ("Alexander"), and ARISTOTLE PLAGIANAKOS, individually ("Aristotle"), (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions, and upon information and belief as to all other matters, as follows:

## NATURE OF CASE

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay their employees one hour's pay at

the minimum wage rate for any day worked in which the spread of hours exceeds ten, NYLL § 652(1); 12 NYCRR § 142-2.4; (iv) the NYLL's requirement that employers furnish employees with a wage statement containing specific categories of accurate information on each payday, NYLL § 195(3); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a New York corporation that operates a high volume scrap metal recycling facility in Brooklyn and its successive owners and day-to-day overseers - - as a non-managerial laborer from in or around 1995 through in or around December 2022. Throughout his employment, but as is relevant herein, for at least the six-year period pre-dating the commencement of this action, plus an additional 228 days pursuant to former Governor Andrew M. Cuomo's executive tolling orders, and continuing until the end of his employment ("the Relevant Period"), Defendants required Plaintiff to work, and Plaintiff did work, in excess of forty hours each workweek, or virtually each week, yet in exchange, Defendants paid Plaintiff random, varying weekly amounts that did not in any way correspond to his total hours worked for the week, and that did not include overtime premiums at the rate of one and one-half times his regular rate for the hours that Plaintiff worked in a week over forty, in violation of the FLSA and the NYLL.

3. Additionally, throughout the Relevant Period, for those days when Plaintiff's shift exceeded ten hours from beginning to end, which was almost every workday, Defendants did not compensate Plaintiff with an additional one hour's pay at the minimum wage rate, in violation of the spread of hours provisions of the NYLL and the NYCRR.

4. Finally, throughout at least the Relevant Period, Defendants failed to provide Plaintiff with any wage statement on each payday, let alone an accurate statement, as NYLL § 195(3) requires.

5. Defendants paid and treated all of their non-managerial manual workers in the same manner.

6. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings his claims under the NYLL and the NYCRR on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts into this action.

7. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York state law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district, in that Defendants' business is located in this District, and Plaintiff performed all or substantially all of his work for Defendants in this District.

## PARTIES

10. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

11. At all relevant times herein, Defendant Plakos was and is a New York corporation with its principal place of business located at 769 East 95th Street, Brooklyn, New York 11236.

12. From at least the beginning of the Relevant Period until his death in or around 2021, Defendant Alexander was the owner and day-to-day overseer of Defendant Plakos. In that role, he managed and oversaw all aspects of the business, including hiring and firing employees, setting employees' schedules and determining their work responsibilities, determining employees' rates and methods of pay and hours worked, and maintaining employment records for all employees, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

13. Upon Alexander's death on September 8, 2021, Defendant Aristotle became owner and day-to-day overseer of Plakos and the business continued its operations unchanged. Indeed, in that role ever since, Aristotle has managed and overseen all aspects of the business, including hiring and firing employees, setting employees' schedules and determining their work responsibilities, determining employees' rates and methods of pay and hours worked, and maintaining employment records for all employees, including those matters with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

14. At all relevant times, Defendants were and are "employers" within the meaning of the FLSA, the NYLL, and the NYCRR. Additionally, at all times relevant to the FLSA, Defendant Plakos's qualifying annual business has exceeded and exceeds $500,000.00, and Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, and have bought and sold materials such as machinery, tools, fixtures, and other metal processing and recycling supplies from vendors in states other than New York that are then used in their New York operations, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

15. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants as laborers, or in other similar positions, and who give consent to file a claim to recover unpaid overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

16. At all relevant times herein, Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid at the required rate of one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

17. At all relevant times herein, Defendants are and have been aware of the requirement to pay their non-managerial laborer employees, including Plaintiff and FLSA Plaintiffs, at the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully chose and choose not to do so.

18. Indeed, in or around 2016, Plaintiff complained to Defendant Alexander that he was not receiving proper overtime compensation for his hours worked over forty in a week. While Defendants Plakos and Alexander subsequently increased Plaintiff's wages by a small amount, they still failed to pay him overtime compensation in accordance with the FLSA.

19. Thus, Plaintiffs and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully failing to pay them overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

20. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of himself, individually, as well as on behalf of all those who are similarly-situated whom Defendants have subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

21. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

22. Plaintiff seeks certification of the following FRCP 23 class:

   Current and former non-managerial employees, such as laborers or those working in a similar position, who during the applicable NYLL limitations period, performed any work for Defendants in New York ("Rule 23 Plaintiffs").

### Numerosity

23. During all times applicable to the NYLL, Defendants have employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

24. There are common questions of law and fact that govern the claims of each and

6

every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours in a week; (3) whether Defendants properly compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendants have paid the Rule 23 Plaintiffs an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten; (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with an accurate wage statement on each payday that contains the information that NYLL § 195(3) requires; (6) whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (7) whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (8) whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (10) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

25.     As described in the "Background Facts" section below, Defendants have employed Plaintiff and Rule 23 Plaintiffs as non-managerial laborers.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendants in New York in excess of forty hours in a workweek, yet Defendants have failed to pay them at the statutorily-required rate of one and one-half times their respective regular rates of pay for all hours worked, and/or pay them an additional one hour's pay

7

at the minimum wage rate for any day worked in which the spread of hours exceeds ten, and/or provide them with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL to receive overtime wages at the statutorily-required rate of one and one-half times their regular rates of pay for all hours worked and an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeds ten, and to be furnished with an accurate wage statement on each payday. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

## Adequacy

26.     Plaintiff, as described below, worked similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime at the rate of one and one-half times his regular rate of pay for all hours worked, did not pay him an additional one hour's pay at the minimum wage rate for any day worked in which the spread of hours exceeded ten, and did not furnish him with an accurate wage statement on each payday, which is substantially-similar to how Defendants have paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

27.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## Superiority

28.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants have treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29.     Any lawsuit brought by any non-managerial laborer employee of Defendants for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations.  Thus, separate litigation would risk inconsistent results.

30.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

31.     Defendant Plakos is a New York corporation that operates a high volume scrap metal recycling facility in Brooklyn, New York.

32.     As indicated above, Defendants Alexander and Aristotle successively owned, managed, and oversaw the day-to-day operations of the business, and were and/or are responsible for making all significant personnel-related decisions for all of its employees.  Indeed, to that end, Defendants Alexander and Aristotle successively set Plaintiff's hours and rate of pay, paid him, communicated Plaintiff's work instructions to him, and maintained or should have maintained Plaintiff's employment records.  Further, Aristotle hired Plaintiff and Alexander fired him.

33.     Plaintiff worked for Defendants from in or around 1995 until December 2022 as a non-managerial laborer.  In this role, Plaintiff's primary duties consisted of cleaning cars and other equipment and preparing them to be scrapped, picking up garbage, and performing other general labor tasks, all at Defendants' scrap metal recycling facility in Brooklyn.

34. Throughout at least the Relevant Period, regardless of who the individual owner was at the time, Defendants required Plaintiff to work, and Plaintiff did generally work, at least six days per week, and sometimes all seven days in a week.  While Plaintiff's hours varied, throughout at least the Relevant Period, Defendants typically scheduled him to work from approximately 7:30 a.m. through 6:00 p.m. Monday through Friday, and from 8:00 a.m. through 5:00 p.m. on Saturday, with two thirty-minute breaks during each shift.  Additionally, approximately one Sunday per month before March 2020, Plaintiff worked from approximately 8:00 a.m. to 5:00 p.m. without a scheduled or uninterrupted break.  In total, Plaintiff generally worked approximately fifty-five and one-half to sixty-four and one-half hours per week.

35. In exchange for his work each week, Defendants paid Plaintiff $450 by check, and then usually between $400 and $470 in cash, which amount varied randomly, at Defendants' whim, and did not in any way correlate to how many hours Plaintiff worked during that week.

36. At no point during at least the Relevant Period did Defendants pay Plaintiff an overtime premium at the rate of one and one-half times his regular rate for any hours that Plaintiff worked in a week over forty.

37. By way of example only, for the workweek of May 10 through May 16, 2019, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with two thirty-minute breaks per shift:

> Friday, May 10, 2019: 7:30 a.m. through 6:00 p.m.;
>
> Saturday, May 11, 2019: 8:00 a.m. until 5:00 p.m.;
>
> Sunday, May 12, 2019: off;
>
> Monday, May 13, 2019: 7:30 a.m. through 6:00 p.m.;
>
> Tuesday, May 14, 2019: 7:30 a.m. through 6:00 p.m.;

>Wednesday, May 15, 2019: 7:30 a.m. through 6:00 p.m.; and
>
>Thursday, May 16, 2019: 7:30 a.m. through 6:00 p.m.

Accordingly, Plaintiff worked a total of fifty-five and one-half hours during this week. In exchange, Defendants paid Plaintiff $850.00. Thus, Defendants did not pay Plaintiff an overtime premium at the rate of one and one-half times his regular rate for the fifteen and one-half hours that he worked in excess of forty that week.

38.     By way of a second example, for the workweek of June 3 through June 9, 2022, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, with two thirty-minute breaks per shift:

>Friday, June 3, 2022: 7:30 a.m. through 6:00 p.m.;
>
>Saturday, June 4, 2022: 8:00 a.m. until 5:00 p.m.;
>
>Sunday, June 5, 2022: off;
>
>Monday, June 6, 2022: 7:30 a.m. through 6:00 p.m.;
>
>Tuesday, June 7, 2022: 7:30 a.m. through 6:00 p.m.;
>
>Wednesday, June 8, 2022: 7:30 a.m. through 6:00 p.m.; and
>
>Thursday, June 9, 2022: 7:30 a.m. through 6:00 p.m.

Accordingly, Plaintiff worked a total of fifty-five and one-half hours during this week. In exchange, Defendants paid Plaintiff $920.00. Thus, Defendants did not pay Plaintiff an overtime premium at the rate of one and one-half times his regular rate for the fifteen and one-half hours that he worked in excess of forty that week.

39.     Throughout the Relevant Period, for those days when Defendants required Plaintiff to work shifts that spanned in excess of ten hours from start to finish, such as five days in each of

the example weeks detailed above, Defendants failed to pay Plaintiff an additional one hour of pay at the then-applicable minimum wage rate.

40. Throughout the Relevant Period, Defendants paid Plaintiff on a weekly basis.

41. Throughout at least the Relevant Period, on each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone a wage statement that accurately listed, *inter alia*, Plaintiff's regular and overtime rates of pay or his hours worked for that week. This failure deprived Plaintiff of the ability to know exactly how much compensation he was entitled to receive and resulted in the underpayment of wages as asserted herein.

42. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

43. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

**FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA against Defendants Plakos and Aristotle*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants Plakos and Aristotle failed to compensate them in accordance with the FLSA's overtime provisions.

49. These Defendants willfully violated the FLSA.

50. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for these Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

56. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Pay Spread of Hours Pay under the NYLL and the NYCRR*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 652 and 12 NYCRR § 142-2.4 provide that employees shall receive one hour's pay at the minimum hourly wage rate for any day worked in which their spread of hours exceeds ten.

60. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL and the NYCRR.

61. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action worked days where their spread of hours exceeded ten, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's spread-of-hours provisions.

62. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are entitled to spread-of-hours pay, in the amount of one hour's pay at the minimum hourly wage rate, for any day that they worked in which their spread of hours exceeded ten.

14

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's spread-of-hours provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

64. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

66. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action are employees within the meaning of the NYLL.

67. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action with any wage statement, let alone a statement that accurately contained all of the criteria that the NYLL requires.

68. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### DEMAND FOR A JURY TRIAL

69. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form of this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. Awarding all damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendants' unlawful payment practices;

g. Granting liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

h.  Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

i.  Designation of Plaintiff and his counsel as collective and class action representatives under the FLSA and FRCP;

j.  Awarding pre-judgment and post-judgment interest, as provided by law; and

k.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
       April 14, 2025

                                Respectfully submitted,

                                BORRELLI & ASSOCIATES, P.L.L.C.
                                *Attorneys for Plaintiff*
                                910 Franklin Avenue, Suite 205
                                Garden City, New York 11530
                                Tel. (516) 248-5550
                                Fax. (516) 248-6027

BY: _____
                                MICHAEL J. BORRELLI, ESQ. (MB 8533)
                                ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                                DANIELLE FILACOURIS, ESQ. (DF 556628)